IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANNETTE G. MCLAUGHLIN )
      Plaintiff, )
     )   Civil Action No. 04-1563-GMS
    v. )
     )
DIAMOND STATE PORT CORP. )
      Defendant. )

## JOINT STATUS REPORT OF THE PARTIES

Pursuant to Local Rule 16.2(b), plaintiff, Dannette G. McLaughlin ("Plaintiff")

and defendant, Diamond State Port Corporation ("DSPC") have conferred regarding each agenda

item contained in the Court's March 1, 2005 Notice of Scheduling and provide the following

joint status report:

### I.    JURISDICTION AND SERVICE

There are no issues regarding subject matter or personal jurisdiction.  No

parties remain to be served.

### II.    SUBSTANCE OF THE ACTION

Plaintiff's claims in this action are based on alleged retaliation for her

complaints of discrimination.  Specifically, plaintiff alleges that she is a part-time employee of

DSPC and has been denied the opportunity for full-time employment with DSPC due to the

alleged retaliation.

DSPC denies that plaintiff has been subjected to any retaliation.

### III.    IDENTIFICATION OF ISSUES

The parties dispute whether plaintiff was subjected to any retaliation in her

employment with DSPC as alleged.  The parties also dispute the appropriate remedy or remedies

should liability be found.

### IV.    NARROWING OF THE ISSUES

As with any case, the issues in dispute may be narrowed by decisions on dispositive motions.

### V.    RELIEF

Plaintiff is seeking alleged lost wages and benefits, compensatory damages, and attorneys' fees and costs. Damages, if any, would need to be determined by the jury. Attorney's fees and costs, if any, would be subject to determination by the Court at the conclusion of the case.

### VI.    AMENDMENT OF PLEADINGS

The parties do not currently anticipate any amendment to the pleadings. The parties propose that a cut-off date of June 3, 2005 be placed in the Scheduling Order.

### VII.    JOINDER OF PARTIES

The parties do not currently anticipate the joinder of any additional parties and propose that a cut-off date of June 3, 2005 be placed in the Scheduling Order.

### VIII.    DISCOVERY

a.    Plaintiff's statement. Plaintiff anticipates receiving responses to written discovery by early May. Depending upon the information provided therein, Plaintiff estimates she may require as many as ten fact depositions.

b.    Defendant's statement. DSPC currently anticipates serving written discovery on plaintiff to further clarify the nature of her claims and all actions she has taken in relation to those claims. DSPC also anticipates taking at least plaintiff's deposition.

c.     The parties agree that fact depositions should be limited to ten per party with a limit of seven hours per deposition, subject to either party requesting additional depositions and/or time upon a showing of good cause. They also agree that all fact and expert discovery should be instituted so that it is completed on or before October 3, 2005.

d.     The parties agree that plaintiff should identify and serve initial expert reports for her experts on or before June 24, 2005 with DSPC to identify and serve initial reports for its experts, if any, by July 15, 2005. Plaintiff's rebuttal expert reports, if any, shall be served by August 5, 2005 and DSPC's rebuttal expert reports, if any, shall be served by August 19, 2005. The parties further agree that expert depositions should be permitted of all identified testifying experts, including any treating physicians or medical experts, subject to the limits noted above. The parties do not believe that any less costly or less time consuming methods are available to obtain the necessary information.

## IX.   ESTIMATED TRIAL LENGTH

The parties believe that the trial in this matter will last approximately three days.

## X.   JURY TRIAL

A jury trial has been requested of all issues triable to a jury.

## XI.   SETTLEMENT

At this time there have not been any substantive settlement discussions. The parties do not believe that this matter might be properly referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

## XII.   OTHER MATTERS

The parties agree that discovery of confidential employment records and other confidential business records will be conducted subject to a confidentiality order limiting the use and dissemination of those records.  The Court entered such an order in a prior action between these same parties.  The parties will request that Court enter that order in this case as well.

## XIII.   STATEMENT OF CONFERENCE

The undersigned counsel has conferred regarding each of the above matters.

SMITH KATZENSTEIN & FURLOW LLP

_____
Laurence V. Cronin (#2385)
800 Delaware Avenue
7th Floor
Wilmington, DE  19801
(302) 652-8400
Attorneys for Plaintiff

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
Attorneys for Defendant

OF COUNSEL

Nancy C. Demis (#58897)
Dena B. Calo (#76950)
GALLAGHER, SCHOENFELD, SURKIN
& CHUPEIN, P.C.
25 West Second Street
P.O. Box 900
Media, PA 19063
Telephone:  (610) 565-4600
Attorneys for Plaintiff

Dated: March 16, 2005

455808

- 4 -